UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ERIC P. MCCLAIN**<br>   **LA. DOC#391003** | **CIVIL ACTION NO. 6:17-CV-1643** |
| **VS.** | **SECTION P** |
| | **UNASSIGNED DISTRICT JUDGE** |
| **DARREL VANNOY** | **MAGISTRATE JUDGE WHITEHURST** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. § 2254) filed on December 19, 2017, by *pro se* petitioner Eric P. McClain. McClain is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the Louisiana State Penitentiary, where he is serving a life sentence imposed following his December 2010 conviction in the Sixteenth Judicial District Court, St. Mary Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

**I. STATEMENT OF THE CASE**

The petition, its accompanying memorandum, and exhibits establish that the defendant was charged by a bill of information with possession of a schedule II controlled dangerous substance (cocaine) with intent to distribute, a violation of La. R.S. 40:967(A)(1). He pled not guilty and, following a jury trial, he was found guilty as charged on December 6, 2010. Defendant filed counseled and pro se motions for new trial and post-verdict judgment of acquittal, which were denied by the trial court. The state then filed a habitual offender bill of information, alleging the defendant to be a third-felony habitual offender. He was ultimately adjudicated a third-felony

habitual offender and sentenced to life imprisonment without benefit of parole, probation or suspension of sentence.

He filed a direct appeal in the First Circuit Court of Appeal, raising the following four counseled assignments of error: (1) trial court erred in failing to suppress petitioner's first statement; (2) trial court abused its discretion in failing to order a mistrial when the district attorney elicited testimony at trial regarding the trial court's finding at the motion to suppress hearing that defendant's statement was freely and voluntarily given; (3) & (4) Louisiana Constitution that allows for non-unanimous jury verdicts violates the right to a jury trial and the right to equal protection of the laws guaranteed by the Sixth and Fourteenth Amendments [Rec. Doc. 1-4, pp. 1-29]; and the following four pro se assignments of error: (1) trial court erred in failing to suppress his statements; (2) trial court abused its discretion and violated due process by not viewing the two recorded confessions prior to ruling at the motion to suppress hearing; (3) videotaped recordings of his two confessions were illegally redacted, prohibiting the jury from weighing the totality of the circumstances surrounding each statement; and (4) search warrant and application for the search warrant were based on fabrications and fraud constituting intentional misrepresentations to gain illegal entry into his residence [Rec. Doc. 1-4, pp. 30-59].

The First Circuit affirmed the conviction and sentence on January 7, 2013. [Rec. Doc. 1-4, pp. 125-137; *see also State v. McClain*, 2012-1755 (La. App. 1 Cir. 6/7/13) 2013 WL 2490364.] All issues were addressed on the merits, excluding pro se assignments two, three and four, which the appellate court held were not reviewable on appeal, as they were not raised in the trial court. Petitioner applied for writs in the Louisiana Supreme Court [Rec. Doc. 1-4, pp. 138-158]; his application was denied on January 27, 2014 [Rec. Doc. 1-4, p. 159; *see also State v. McClain*, 2013-

1637 (La. 1/27/14), 131 So.3d 53]. Petitioner sought writs in the United States Supreme Court on April 7, 2014. [Rec. Doc. 1-4, p. 160] His petition to the United States Supreme Court was denied on June 23, 2014. *McClain v. Louisiana*, 134 S.Ct. 2845 (2014).

On May 15, 2014, petitioner filed an application for post-conviction relief, raising the following issues: (1) trial court erred in allowing the introduction of a DVD recorded statement without the proper foundation laid as required by law, and trial counsel was ineffective for failing to object to such an error; (2) a conflict between petitioner and his counsel before and during trial constitutes ineffective assistance of counsel; (3) bill of information was defective; (4) trial court abused its discretion by not viewing the two recorded confessions prior to ruling at the motion to suppress hearing and trial counsel was ineffective for failing to object to such an error; (5) trial court abused its discretion regarding the videotaped recorded statements of petitioner's confessions which were illegally redacted, prohibiting the jury to weight the totality of the circumstances surrounding each statement made, and trial counsel was ineffective for failing to object to such an error; (6) trial counsel was ineffective for failing to file a motion to quash the affidavit for search warrant; (7) petitioner was denied effective assistance of counsel when his counsel failed to request to be provided with the name of the confidential informant whose information was used to obtain the search warrant; and (8) defense counsel rendered ineffective assistance of counsel. [Rec. Doc. 1-3, pp. 1-43] On June 29, 2015, the State filed "Respondent's Procedural Objections, Motion to Dismiss, Response, and Answer to Petitioner's Application for Post-Conviction Relief," pursuant to which it objected, on procedural grounds, to petitioner's claims 1, 3, 4, 5 & 6, as the claims were not on the grounds listed for post-conviction relief in Article 930.3 of the Louisiana Code of Criminal Procedure, and addressed the merits of claims 2, 7 and 8. [Rec. Doc. 1-3, pp. 44-48]

The trial court denied petitioner's application "on the merits and procedurally for claims 1, 3, 4, 5 & 6," on July 8, 2015. [Rec. Doc. 1-3, p. 72] On an unknown date, petitioner filed an application for supervisory writs in the First Circuit Court of Appeal, which was denied on March 7, 2016, under Docket Number 2015 KW 2008, "on the showing made." [Rec. Doc. 1-3, p. 145] The court noted that petitioner failed to include portions of the district court record that might support the claims in his application for post-conviction relief. He was instructed to file a new application with that court by May 6, 2016, as supplementation of that writ application would not be considered. *Id.* Petitioner presumably re-filed in the First Circuit, as a second application for supervisory writs was denied on June 17, 2016, under Docket Number 2016 KW 0489 [Rec. Doc. 1-3, p. 146]. He filed a writ application in the Louisiana Supreme Court, which was denied on November 13, 2017, under Docket Number 2016-KH-894. [Rec. Doc. 1-3, pp. 147-148]

The instant petition for writ of habeas corpus was filed on December 19, 2017. Petitioner raises the following claims: 1) trial court erred in failing to suppress petitioner's first statement; (2) trial court abused its discretion in failing to order a mistrial when the district attorney elicited testimony at trial regarding the trial court's finding at the motion to suppress hearing that defendant's statement was freely and voluntarily given; (3) trial court erred in allowing the introduction of a DVD recorded statement without the proper foundation laid as required by law, and trial counsel was ineffective for failing to object to such an error; (4) a conflict between petitioner and his counsel before and during trial constitutes ineffective assistance of counsel; (5) bill of information was defective; (6) trial court abused its discretion by not viewing the two recorded confessions prior to ruling at the motion to suppress hearing and trial counsel was ineffective for failing to object to such an error; (7) trial court abused its discretion regarding the videotaped recorded statements of

4

petitioner's confessions which were illegally redacted, prohibiting the jury to weight the totality of the circumstances surrounding each statement made, and trial counsel was ineffective for failing to object to such an error; (8) trial counsel was ineffective for failing to file a motion to quash the affidavit for search warrant; (9) petitioner was denied effective assistance of counsel when his counsel failed to request to be provided with the name of the confidential informant whose information was used to obtain the search warrant; and (10) defense counsel rendered ineffective assistance of counsel.

## II. LAW AND ANALYSIS

### A. Claims 1, 2, 4, 9 & 10

Claims 1, 2, 4, 9 & 10 will be addressed in a separate memorandum order.

### B. Claims 3, 5, 6, 7 & 8

Claims 3, 5, 6, 7, & 8 brought in the instant petition are subject to the procedural default doctrine, which applies to bar federal *habeas corpus* review when a state court declines to address a prisoner's federal claims because the prisoner failed to follow a state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).

Claims 3, 5, 6, 7, & 8 were raised in McClain's application for post-conviction relief in the state court, and are as follows: (3) trial court erred in allowing the introduction of a DVD recorded statement without the proper foundation laid as required by law, and trial counsel was ineffective for failing to object to such an error; (5) bill of information was defective; (6) trial court abused its discretion by not viewing the two recorded confessions prior to ruling at the motion to suppress hearing and trial counsel was ineffective for failing to object to such an error; (7) trial court abused its discretion regarding the videotaped recorded statements of petitioner's confessions which were

illegally redacted, prohibiting the jury to weight the totality of the circumstances surrounding each statement made, and trial counsel was ineffective for failing to object to such an error; and (8) trial counsel was ineffective for failing to file a motion to quash the affidavit for search warrant. The trial court concurred with the state's argument that these claims are not listed as grounds for post-conviction relief in Article 930.3 of the Louisiana Code of Criminal Procedure and, therefore, denied them on procedural grounds. The First Circuit Court of Appeal and the Louisiana Supreme Court denied petitioner's subsequent applications for writ without comment.

Generally, a federal court will not review a question of federal law decided by a state court if that decision rests on a state ground that is both independent of the merits of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *see also Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995) (*citing Harris v. Reed*, 489 U.S. 255, 260, 262 (1989). The "independent and adequate state law" doctrine applies to both substantive and procedural grounds and affects federal review of claims that are raised on either direct or post-conviction review. *Coleman*, 501 U.S. at 731-32; *Amos*, 61 F.3d at 338. This species of procedural default will bar federal court review of a federal claim raised in a habeas petition when the last state court to render a judgment in the case has clearly and expressly indicated that its judgment is independent of federal law and rests on a state procedural bar. *Harris*, 489 U.S. at 263; *Glover*, 128 F.3d at 902.

To determine whether the state court denied relief based on an adequate and independent state procedural rule, the federal *habeas* court must examine the last reasoned state court decision to see whether it applied a procedural bar or addressed the merits of his claim. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). In this case, the state trial court issued the last reasoned

opinion with regard to claims 3, 5, 6, 7 & 8. Specifically, the court stated:

> IT IS ORDERED THAT the state's motion to dismiss be and is hereby granted, for the reasons set out in the state's response and further the petition for post-conviction relief is denied on the merits ***and procedurally for claims 1, 3, 4, 5, & 6,*** for the reasons set out in the state's response so that the petitioner's application for post-conviction relief be and is hereby dismissed and denied.

Rec. Doc. 1-3, p. 72 (emphasis added).

The court hand wrote the phrase, "and procedurally for claims 1, 3, 4, 5, & 6," into the order, clearly evidencing its intent to dismiss those particular claims (claims 3, 5, 6, 7 & 8 in the present petition) on procedural grounds.

Federal courts typically may not reach the merits of federal law questions if the State courts have expressly relied on an "adequate and independent" state procedural ground in refusing to review the merits of the claim. Procedural rules are "adequate" when they are "strictly or regularly" applied to the "vast majority of similar claims." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir.1997), *cert. denied*, 523 U.S. 1125 (1998)(citing *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir.1995), *cert. denied*, 516 U.S. 1005 (1995)). A procedural rule is "independent" when the last state court rendering a judgment in the case "clearly and expressly" indicates that its judgment rests on the procedural ground. *Amos*, 61 F.3d at 338.

The procedural rule identified herein satisfies both requirements. The "independence" requirement is fulfilled because the last state court rendering a judgment on these claims "clearly and expressly" indicated that the judgment rested on a state procedural bar, pursuant to La. C.Cr. P. Art 930.3. *Glover v*, 128 F.3d at 902. Moreover, La.C.Cr.P. article 930.3 enjoys a presumption of "adequacy" because the state court expressly relied upon it in deciding not to review a claim for

collateral relief. *Id.* There is no suggestion that this rule has been applied selectively or irregularly by the state courts, and McClain has not come forward with any argument or evidence to trump the presumption of adequacy. *Id.* (An "adequate" rule is one that state courts strictly or regularly follow, and one that is applied evenhandedly to the vast majority of similar claims). Accordingly, McClain is procedurally barred from asserting Claims No. 3, 5, 6, 7, & 8 in this Court, and those claims should be dismissed.

Federal courts may look beyond the procedural default, but only if the *habeas corpus* petitioner shows cause for the default and actual prejudice, or if he shows that the failure to reach the merits of the claim will result in a complete miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Duncan v. Cain*, 278 F.3d 537, 541 (5th Cir.2002), *cert. denied*, 537 U.S. 829, 123 S.Ct. 127, 154 L.Ed.2d 43 (2002). "Cause" in this context means that "some objective factor external to the defense" prevented the petitioner from complying with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed. 397 (1986). Petitioner has not alleged cause for his default or prejudice resulting therefrom. Moreover, petitioner has not established that a "fundamental miscarriage of justice" would occur if this Court refuses to consider these claims. A "fundamental miscarriage of justice" exists where "the constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496, 106 S.Ct. at 2649; *Glover*, 128 F.3d at 904; *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir.1995); *Callins v. Johnson*, 89 F.3d 210, 213 (5th Cir.1996) quoting *McClesky v. Zant*, 499 U.S. 467, 495, 114 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1993). The "miscarriage of justice" exception requires the petitioner to make a "colorable showing of factual innocence." *Callins*, 89 F.3d at 213 quoting *McClesky v.*

8

*Zant*, 499 U.S. 467, 495, 114 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1993). Petitioner has not made this showing.

Accordingly,

**IT IS RECOMMENDED** that petitioner is procedurally barred from raising Claims 3,5, 6, 7, & 8 in the instant petition for *habeas corpus,* and these claims should be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** ***See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

### Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from

service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

    **THUS DONE AND SIGNED** in Chambers at Lafayette , Louisiana, this 10th day of April, 2018.

                                                **CAROL B. WHITEHURST**
                                                **UNITED STATES MAGISTRATE JUDGE**