UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ERIC P. MCCLAIN<br>LA. DOC #391003 | CIVIL ACTION NO. 6:17-CV-01643<br>SECTION P |
| VS. | UNASSIGNED DISTRICT JUDGE |
| DARREL VANNOY | MAGISTRATE JUDGE WHITEHURST |

## RULING

Before the Court are Petitioner Eric P. McClain's objections to the Report and Recommendation of the United States Magistrate Judge assigned to this case. [Doc. Nos. 4, 10] Petitioner, an inmate in the custody of the Louisiana Department of Public Safety and Corrections, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting numerous grounds for relief. [Doc. No. 1] The Magistrate Judge recommends Claims 3, 5, 6, 7 and 8 be dismissed with prejudice as procedurally barred.[1] After an independent review of the record and the applicable law, the Court finds **REMAND** of this matter is warranted for issuance of a supplemental Report and Recommendation consistent with this Ruling.

The Court hereby adopts the portion of the Report and Recommendation setting forth the factual and procedural background of this case. [Doc. No. 4 at 1-5 ("Statement of the Case")]. As noted, the Magistrate Judge determined Claims 3, 5, 6, 7 and 8 should be dismissed with prejudice as procedurally barred. *Id.* at 8, 9. Each of the foregoing claims assert ineffective assistance of counsel. [Doc. No. 4 at 4-5; *see also* Doc. No. 1-2 at 4]. The Magistrate Judge found Claims 3, 5,

---

[1] The Magistrate Judge deferred as to Claims 1, 2, 4, 9 and 10, stating those claims "will be addressed in a separate memorandum order." [Doc. No. 4 at 5].

6, 7 and 8 "are subject to the procedural default doctrine, which applies to bar federal *habeas corpus* review when a state court declines to address a prisoner's federal claims because the prisoner failed to follow a state procedural rule." *Id.* at 5. The Magistrate Judge then set forth the law pertaining to an exception to the procedural default rule, stating as follows:

> Federal courts may look beyond the procedural default, but only if the *habeas corpus* petitioner shows cause for the default and actual prejudice, or if he shows that the failure to reach the merits of the claim will result in a complete miscarriage of justice. "Cause" in this context means that "some objective factor external to the defense" prevented the petitioner from complying with the state's procedural rule. Petitioner has not alleged cause for his default or prejudice resulting therefrom. Moreover, petitioner has not established that a "fundamental miscarriage of justice" would occur if this Court refuses to consider these claims. A "fundamental miscarriage of justice" exists where "the constitutional violation has probably resulted in the conviction of one who is actually innocent." The "miscarriage of justice" exception requires the petitioner to make a "colorable showing of factual innocence." Petitioner has not made this showing.

*Id.* at 8-9 (citations omitted).

The Court agrees with the statement of law contained in the foregoing quoted paragraph. However, the United States Supreme Court held in *Martinez v. Ryan* that "when a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding," a state prisoner may establish the necessary cause for the procedural default of an ineffective-assistance claim in two circumstances:

> The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

*Id.*, 566 U.S. 1, 14 (2012). In addition to the foregoing, a prisoner must also show "that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the

prisoner must demonstrate that the claim has some merit." *Id.*

In *Trevino v. Thaler*, 569 U.S. 413 (2013) the Supreme Court expanded the *Martinez* rule "by replacing its formal, bright-line test with a functional test." *Coleman v. Goodwin*, 833 F.3d 537, 540 (5th Cir. 2016). Under *Trevino*, the *Martinez* rule applies in states "where . . . [the state's] procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal. . . ." *Id.* at 429. The Fifth Circuit has found, "Louisiana's procedural system 'makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of [ineffective assistance of trial counsel] on direct appeal. . . .'" *Coleman* at 543; *see also Brue v. Vannoy*, 717 Fed.Appx. 488, 490 (5th Cir. 2018). The exception set forth in *Martinez/Trevino* is a "narrow" one that applies only with respect to "cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez* at 9; *see also Prystash v. Davis*, 854 F.3d 830, 837 (5th Cir. 2017) (The *Martinez/Trevino* exception "does not extend to claims that can generally be brought on direct appeal").

In this matter, it appears Petitioner was not represented by counsel in the initial-review collateral proceeding for his claims of ineffective assistance at trial. "[A] procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez* at 17. As Petitioner was not represented by counsel during the state habeas proceedings, he may be able to establish cause for the procedural default on his ineffective assistance of trial counsel claims if he can show the claims are "substantial." *Martinez* at 14; *Brue* at 490; *Coleman* at 543. To prevail on the foregoing question, petitioner must show: "(1) that counsel's

performance was deficient in that it fell below an objective standard of reasonableness; and (2) that the deficient performance prejudiced the defense." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 689-94 (1984)). "Failure to establish either prong defeats the claim." *Id.* (citing *Strickland* at 694).

The Magistrate Judge did not address the foregoing issues, particularly whether the ineffective assistance of trial counsel claims raised by petitioner are substantial. Accordingly, the Court **REMANDS** this matter to the Magistrate Judge for issuance of a supplemental Report and Recommendation addressing whether Petitioner has met the *Martinez/Trevino* exception, and if so, whether his ineffective assistance of counsel claims are substantial such that they establish cause for Petitioner's procedural default.

**THUS DONE AND SIGNED,** in Monroe, Louisiana, on this 1st day of May, 2018.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE